UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CAMMACK NEW LIBERTY, LLC, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>V. )<br>)<br>VIZTERRA, LLC, et al., )<br>)<br>Defendants. ) | Civil Action No. 3: 09-15-DCR<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiffs and Defendants were once united through the establishment and operation of Vizterra, a limited liability company with the sole purpose of maintaining Halloween and Christmas Express stores. Vizterra started in April 2007, executed an operating agreement in July 2007, and operated approximately thirty seasonal stores. Unfortunately, the business relations between the parties soured in December 2007, during the dissolution of Vizterra. The Plaintiffs allege that the Defendants breached the terms of the Vizterra operating agreement when the Defendants failed to pay certain specified franchise fees and loyalties. As a result, the Plaintiffs filed suit in the Owen Circuit Court, in Owen County, Kentucky. The Defendants removed the suit to this Court and the Plaintiffs now challenge removal and seek remand to the state court. [Record No. 7]

Plaintiffs Cammack New Liberty LLC, Scott Cammack, Sigretto LLC, and Curtis Sigretto (collectively, "Plaintiffs") are all citizens of the Commonwealth of Kentucky, while

Defendants International Greetings USA and Lawrence Louis are Georgia citizens. Defendant Adrian Brown is a foreign citizen of the United Kingdom. The final named Defendant, Vizterra, was a Kentucky limited liability company (now dissolved) with its principal place of business in Owenton, Kentucky. As detailed above, the members of Vizterra were the Plaintiffs, along with Defendant International Greetings and Business Growth Consultants, Inc., a non-party to this action.

The Plaintiffs claim that remand is required because there is no diversity jurisdiction. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). The Plaintiffs do not dispute that the "amount in controversy" requirement has been met, but they assert that they, along with Defendant Vizterra, are all Kentucky citizens – thus destroying diversity between the parties. Diversity requires that no plaintiff hold citizenship in the same state as any defendant.

The Defendants, however, contend that naming Vizterra as a party to the action constitutes fraudulent joinder by the Plaintiffs. Therefore, they assert that Vizterra should not be considered a party to the action. "When the question is which of various parties before the court should be considered for determining whether there is complete diversity of citizenship, that question is generally answered by the application of the 'real party to the controversy' test." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). Under this test, a court may ignore the presence of non-diverse "nominal" or "formal" parties who are not "real parties in interest" for purposes of determining jurisdiction. *Id.* (citing *Salem Trust Co. v.*

*Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1924)).  As a result, excluding Vizterra would result in diversity between the remaining parties and this Court would have diversity jurisdiction.

Thus, the Defendants, as the removing party, have the burden of establishing that Vizterra was fraudulently joined as a party to the action.  *See Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th Cir. 1999)).  To succeed on a claim of fraudulent joinder, the removing party must show "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."  *Id*. (quoting *Alexander v. Elec. Data Sys. Corp*., 13 F.3d 940 (6th Cir. 1994)).  Despite its name, fraudulent joinder does not require any showing of improper motive or fraud.  *Id*. (citing *Jerome-Duncan*, 176 F.3d at 907).  As the Sixth Circuit explained in *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999),

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.  The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party.  All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493.

Viewing the Plaintiffs' Complaint in its entirety, there is no actual grievance leveled at Vizterra.  Rather, the allegations are almost entirely directed at International Greetings USA, along with its employee-manager-officer Lawrence Louis and accountant/bookkeeper Adrian Brown.  Beginning with the first count, the Plaintiffs requests that International Greetings USA provide an accounting for various payments made to and from Vizterra and other parties.

[Record No. 1, Attach. 3, paras. 72-80] The second count requests a declaratory judgment that a purported loan from International Greetings USA to Vizterra was not a loan, but a capital contribution leading to International Greetings USA's unlawful possession and control of Vizterra assets. [Record No. 1, Attach. 3, paras. 81-82] As an alternative to the second count, the third count requests another declaratory judgment, stating that Vizterra did not default on any loans and that any assets taken from Vizterra by International Greetings USA should be returned to Vizterra. [Record No. 1, Attach. 3, paras. 83-84] Count four alleges a breach of contract, namely, the Vizterra Operating Agreement. The Plaintiffs contend that the "Defendants unilaterally liquidated and distributed the assets of Vizterra" through an unlawful dissolution of Vizterra. [Record No. 1, Attach. 3, paras. 85-86] Finally, counts five and six allege breach of contract and unjust enrichment, on the part of International Greetings USA and Lawrence Louis and Adrian Brown, in their capacities as officers of that organization.

For claims of fraudulent joinder, a district court is obligated to look at the pleadings and determine whether the allegations against the non-diverse defendant can support a claim. *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (unpublished). The Complaint here does not allege wrongdoing on the part of Vizterra. Instead, the Plaintiffs contend that their reference to the "Defendants" encompasses Vizterra and, therefore, alleges wrongdoing on the part of Vizterra. Simply labeling Vizterra a "Defendant" does not create a cause of action against Vizterra. In fact, a marginally less superficial reading of the Plaintiffs' complaint portrays Vizterra as a victim, along with the Plaintiffs. The bulk of the Complaint details payments that International Greetings USA should have paid to Vizterra, along with

unlawful loans and other transactions that International Greetings USA made under Vizterra's name. No cause of action has been alleged against Vizterra, and as a result, Vizterra cannot properly be considered a defendant in this action. Without Vizterra, diversity exists between the Plaintiffs and Defendants.

In conclusion, the Plaintiffs have not established a cause of action against Vizterra. Thus, Vizterra has been fraudulently joined as a party to this action. Accordingly, it is hereby **ORDERED** that the Plaintiffs' motion for remand [Record No. 7] is **DENIED**.

This 13th day of July, 2009.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge