UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CAMMACK NEW LIBERTY, LLC, et al., ) | |
| ) | |
| ) | Civil Action No. 3: 09-15-DCR |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| INTERNATIONAL GREETINGS USA, ) | **AMENDED MEMORANDUM** |
| INC., et al., ) | **OPINION AND ORDER**[1] |
| ) | |
| Defendants. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

The Plaintiffs and Defendants were once united through the establishment and operation of Vizterra, a limited liability company with the sole purpose of maintaining Halloween and Christmas Express stores.[2] Vizterra started in April 2007, executed an operating agreement in July 2007, and operated approximately thirty seasonal stores. Unfortunately, the business relations between the parties soured in December 2007, during the dissolution of Vizterra. The Plaintiffs allege that the Defendants breached the terms of the Vizterra operating agreement when they unlawfully dissolved the company. As a result, the Plaintiffs filed suit in the Owen Circuit Court, in Owen County, Kentucky. The Defendants removed the suit to this Court.

---

1. The Court enters this Amended Memorandum Opinion and Order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. This amended opinion alters only the dismissal of the Plaintiffs' claims for an accounting and declaratory judgments by remanding those claims to state court for further proceedings, as opposed to dismissing them, with prejudice.

2. Although Vizterra was originally a party to this action, the Plaintiffs were unable to allege a cause of action against the LLC. [Record No. 23]

Defendant International Greetings USA now seeks to dismiss the Complaint or, alternatively, to compel arbitration. [Record No. 5] For the reasons that follow, the motion will be granted in part, and denied in part.

### I.     Background

Plaintiffs Cammack New Liberty LLC, Scott Cammack, Sigretto LLC, and Curtis Sigretto (collectively, the Plaintiffs) are citizens of Kentucky, while Defendants International Greetings USA and Lawrence Louis are citizens of Georgia. Defendant Adrian Brown is believed to be a foreign citizen of the United Kingdom.[3] Plaintiffs Cammack New Liberty LLC and Sigretto LLC, along with Defendant International Greetings USA established Vizterra as a Kentucky limited liability company, with its principal place of business in Owenton, Kentucky. Plaintiffs Scott Cammack and Curtis Sigretto appear to be part owners of the two other Plaintiff LLCs, while Defendants Lawrence Louis and Adrian Brown appear to be employees and/or officers of Defendant International Greetings USA. [Record No. 1]

Prior to the Plaintiffs' filing suit in the Owen Circuit Court and the Defendants' subsequent removal to this Court, International Greetings USA had instituted another suit in a Georgia state court against Plaintiffs Cammack and Sigretto. *See International Greetings USA, Inc., v. Curtis Sigretto*, Dekalb County Court, Civil Action No. 09A01896-2; *International Greetings USA, Inc. v. F. Scott Cammack*, Dekalb County Court, Civil Action No. 09A01727-4. International Greetings USA alleged that Sigretto and Cammack had failed to pay debts due on promissory notes that had been executed as a part of Vizterra's dissolution. The promissory note

---

3.     Neither Brown's residence nor his citizenship has been clearly established.

for Cammack totaled $39,450.00, while Sigretto's note totaled $32,098.00.  However, before answering International Greetings USA's complaint, Cammack and Sigretto filed this action in the Owen Circuit Court.

Although Cammack and Sigretto originally moved for, and were granted, a stay in the Georgia litigation, the case moved forward and is now in the discovery stages.  This pending litigation prompted Defendant International Greetings USA to file the instant motion to dismiss with this Court.  International Greetings USA argues that the Plaintiffs are precluded from asserting their claims here because they are compulsory counterclaims in the Georgia litigation.  In the alternative, the company requests arbitration.[4]

**II.    Discussion**

The parties contend that Georgia law governs whether the Plaintiffs' claims should have been filed in the Georgia litigation.  However, even assuming that the Plaintiffs' claims were compulsory, federal law that determines whether this Court has jurisdiction to hear the claims here in Kentucky.  The Defendant urges dismissal based on the fact that the Georgia litigation was filed first and because it involves claims "arising out of the same aggregate and operative facts" as the claims here.  Because the Georgia litigation was filed first, it "is given priority." [Defendants' Motion to Dismiss, Record No. 5, p. 9] This argument closely echoes some of the principles behind the doctrines of preclusion and abstention.  Thus, although not explicitly raised by the Defendant, these principles will provide the frame of analysis.

---

4.    Resolution of the arbitration issue may be addressed in subsequent state court proceedings.

Preclusion does not bar the Plaintiffs' claims because the Georgia litigation has not proceeded far enough. Claim preclusion requires a final judgment on the merits involving parties and claims identical to a previous suit, whereas issue preclusion requires that an identical was raised and adjudicated in the previous suit. Thus, for previous litigation to have preclusive effect with either form of preclusion, an adjudication is required. In this case, the Georgia litigation is barely in the discovery stages. Although it may seem inefficient and wasteful of judicial resources, the fact that a related case is pending in Georgia is not a basis for precluding the claims before this Court. Even assuming that the causes of action in both cases arise from the same operative facts, preclusion does not apply.

### A. *Colorado River* Abstention

A separate part of the Defendant's argument regarding priority and parallel state court proceedings evokes the doctrine of abstention. In some circumstances, federal court deference to duplicative pending state court proceedings is appropriate. But under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), those circumstances must be "exceptional," and do not exist solely because a diversity case is duplicated in state court. *See also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290 (1988) (observing that a state court defendant's initiation of a separate proceeding in federal court does not invariably require stay or dismissal). Determining the existence of exceptional circumstances requires consideration of the following factors:

> [T]he most important factor courts are to consider is whether there exists a clear federal policy evincing the avoidance of piecemeal adjudication. Additional factors include how far the parallel proceeding has advanced in the other sovereign's courts, the number of defendants and complexity of the proceeding,

> the convenience of the parties, and whether a sovereign government is participating in the suit.

*Answers in Genesis of Ky., Inc. v. Creation Ministries Intern.*, 556 F.3d 459, 467 (6th Cir. 2009).

Here, there is no clear federal policy that would advise against separate proceedings. Nor has the Georgia proceeding progressed beyond the very initial stages of discovery. There are numerous parties involved and the proceeding is complex given its reliance on state corporation laws. As far as convenience to the parties, the Plaintiffs are Kentucky residents while the Defendants hail from Georgia and unknown locations. Further, the parties established Vizterra under the laws of Kentucky and included in their operating agreement a forum and arbitration clause designating Kentucky. These factors do not weigh heavily in favor of abstention. In fact, they tend to favor a proceeding in a Kentucky forum.

However, this case does present a variation on the *Colorado River* abstention cases. Usually, the state court and federal court in question are situated in the same forum. The Supreme Court's rulings are based on the view that a party should not be denied access to a federal court because the other party happened to file suit first in a state court. As an illustration, the typical *Colorado River* abstention scenario would involve facts under which the Defendants originally filed suit in Kentucky state court, and the Plaintiffs sought to initiate a separate proceeding – eschewing removal – in a Kentucky federal court. *Colorado River* operates to allow the Plaintiffs to access the federal court, and not be foreclosed from that option simply because the Defendants filed first in state court. Here, the Defendants filed first in a Georgia state court and the Plaintiffs sought to initiate a separate proceeding in a Kentucky state court.

But promptly after the Plaintiffs filed suit in the Kentucky state court, the Defendants removed the case to this Court. Thus, neither party has been deprived of access to a federal court.

This variation does not necessarily trigger a *Colorado River* exception to abstention. There is no fear that the Plaintiffs are engaged in forum shopping since Kentucky is not only their home state, but also the state in which Vizterra LLC was incorporated. *See Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425 (6th Cir. 2009) ("[T]here is no forum shopping concern when the forum is also the plaintiff's state of citizenship."). The analysis of the *Colorado River* factors remains unchanged even under this situation.

### B. *Burford* Abstention

The analysis of these factors may not warrant abstention under *Colorado River*, but it does suggest another avenue for abstention: *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Under *Burford*, federal courts should abstain to defer to complex state administrative procedures. Courts must engage in a two-part inquiry: whether (1) a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar or (2) the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989).

The Sixth Circuit has clarified that "complex state administrative procedures" includes cases involving state corporate dissolution laws. *See Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 665 (6th Cir. 2002) (analogizing the corporate dissolution to a domestic relations divorce,

and holding that federal courts should abstain in order to allow states to "exercise control over the internal affairs of its domestic corporations"). In *Caudill*, shareholders in a closely held corporation brought suit in federal court on the basis of diversity jurisdiction. They sought an accounting and terms for dissolution of the corporation. The Sixth Circuit found that the "Kentucky Legislature has enacted a comprehensive legislative scheme to govern businesses which elect to incorporate in the state." *Id*. at 665. This state interest was strong enough to warrant the district court's abstention from the case. One distinction noted was that actions for common law claims related to dissolution – like breach of contract or damages – did not carry the same weight as claims integrally associated with the corporate dissolution.

In the present case, the Plaintiffs request an accounting and declaratory judgment regarding the allegedly unlawful dissolution, along with claims for breach of contract and damages. As the Sixth Circuit has established, Kentucky law surrounding limited liability companies is complex and comprehensive. *See id*; *see also* K.R.S. Title 23, Chapter 275. The state has a substantial interest in establishing and enforcing this law. Part of the enforcement process involves uniform application of the law to controversies and a federal court's interference would only serve to disrupt such uniformity. State courts possess a "depth of knowledge" and expertise about both the facts and the law that surround corporate dissolutions. They are in a far better position to adjudicate the equitable claims asserted here. *Caudill*, 301 F.3d at 665. Abstention is warranted regarding the Plaintiffs' accounting and declaratory judgment claims because they address the allegedly unlawful dissolution of a Kentucky limited liability company.

However, the Court will maintain jurisdiction over the remaining breach of contract and damages claims. "While a federal court may abstain from exercising jurisdiction over discretionary claims for equitable relief such as a demand for corporate dissolution or buy-out, the [c]ourt may not relinquish jurisdiction over common law claims for damages." *Id*. at 664. As a result, the proceedings on these claims will be stayed until resolution of the accounting and declaratory judgment claims. *See Seider v. Hutchison*, 296 F. App'x 517 (6th Cir. 2008) (unpublished) (holding that district court should have stayed proceedings in order to address damages claims, even after the court dismissed other claims pursuant to *Burford* abstention).

Abstaining as to these claims also supports the parties' intention that Kentucky law govern any disputes arising concerning the Vizterra Operating Agreement. Section 13.10 of that agreement states, in part, the following: "**<u>Kentucky Law</u>**: The laws of the Commonwealth of Kentucky, excluding those relating to choice or conflicts of laws, govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties of the parties." [Record No. 15, p. 15] Although the parties dispute whether their claims should proceed to arbitration or litigation, they both provide evidence establishing Kentucky law as the governing authority for the dissolution of Vizterra. As discussed above, this particular area of Kentucky law involves strong public policy considerations that warrant the experience and expertise of Kentucky state courts.

### III. Conclusion

The Defendant has failed to establish that the Plaintiffs are precluded from litigating their claims in a proceeding separate from the Georgia litigation. However, after reviewing the

parties' agreements and briefs, along with the relevant caselaw, the Court must abstain from ruling on the Plaintiffs' claims for an accounting and declaratory judgment to allow for appropriate adjudication by a Kentucky state court.[5] The proceedings as to Plaintiffs' remaining claims are stayed until resolution of the equitable claims in state court. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Defendant's motion to dismiss [Record No. 5] is **GRANTED**, in part, and **DENIED** in part. The Defendant's alternative request to compel arbitration is **DENIED**, without prejudice to being presented to a state court for resolution.

(2) The Plaintiffs' claims for an accounting and declaratory judgment [Record No. 1] are remanded to the Owen Circuit Court for further proceedings.

(3) The Plaintiffs' claims for breach of contract and damages [Record No. 1] will remain on this Court's active docket.

(4) The Defendant's request for oral argument is **DENIED**.

(5) The Plaintiffs' Motion to Remand and to Amend the Court's July 20, 2009, Memorandum Opinion and Order [Record No. 29] is **GRANTED**.

This 6th day of August, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

5. The Court's earlier denial of the Plaintiffs' motion for remand [Record No. 23] was based solely on whether diversity jurisdiction existed to hear the case.