UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| CAMMACK NEW LIBERTY, LLC, et al., | ) ) ) | Civil Action No. 3: 09-15-DCR |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| INTERNATIONAL GREETINGS USA, INC., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 28, 2009, the Court issued a Memorandum Order granting Defendant Lawrence Louis' motion to quash service of process. In addition, the Plaintiffs were given sixty days from the entry of the Order to complete service of process on Louis. The Order further stated, "[i]n the event the Plaintiffs fail to complete service within the period provided, the Court will entertain a renewed motion to dismiss the claims asserted against Defendant Louis." [Record No. 33, p. 2] The sixty day extension expired on October 27, 2009.

On November 11, 2009, Louis filed a renewed motion to dismiss. [Record No. 34] In their response, the Plaintiffs indicate that Louis was properly served on November 13, 2009. [Record No. 36] Subsequently, Louis filed a notice of withdrawal of renewed motion to dismiss. [Record No. 40] Because Louis has withdrawn his motion to dismiss, the motion will be denied as moot.

The Plaintiffs have also moved for an extension of time to serve Defendant Louis and for attorney's fees associated with responding to the motion to dismiss. [Record No. 37] In his response to the Plaintiffs' motion for an extension of time and for attorney fees [Record No. 41], Louis admits that he has accepted serve and argues that the Plaintiffs' request for an extension is moot. However, the record is clear that the Plaintiffs did not serve Louis within the time allowed by this Court. In fact, the Plaintiffs did not even file the motion for an extension of time to serve Louis until after the deadline expired and Louis had already been served.

In their motion for attorney's fees, the Plaintiffs claim to be entitled to fees because Louis attempted to avoid service and refused to waive service without good cause. The Plaintiffs contend that they mailed a waiver of service form pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to Louis' business address and to his attorney's address on September 1, 2009. They state that Louis attempted to avoid service by not providing a good business address with the Georgia Secretary of State or to this Court.[1] Plaintiffs further claim that Louis "refused to sign and return the waiver to Plaintiffs' counsel notwithstanding his legal obligation to do so." [Record No. 37, p. 2] The Plaintiffs assert that "[a]fter Louis refused to waive service as required by the Federal Rules, it became obvious to Plaintiffs that Louis was going to duck any attempt to serve him at his [b]usiness [a]ddress." *Id*. at 3. After Louis did not return the waiver of service within thirty days, the Plaintiffs attempted to obtain his residential address with less than thirty days to comply with this Court's deadline to serve Louis. The Plaintiffs maintain that

---

[1] This Court has previously noted that Vizterra, the Kentucky corporation through which Louis transacted business, is now dissolved so it is unclear whether Ky. R. Civ. P. 4.04(9) still applies. [Record No 33, p. 2]

there was some difficulty in obtaining Louis' residential address, which is the reason he was not served until November 13, 2009 (seventeen days after this Court's deadline).[2]

In his response, Louis argues that the waiver of service form was defective, and there is no requirement in the Federal Rules of Civil Procedure that he waive service. According to Rule 4(d)(1)(C), a plaintiff may notify a defendant that an action has been commenced and request that the defendant waive summons. "The notice and request must . . . be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form . . ." Fed. R. Civ. P. 4(d)(1)(C). Louis contends that the waiver request failed to include a copy of the complaint as required by this section of the rule.[3]

Courts assume that the ordinary meaning of the language used in the Federal rules accurately expresses the legislative purpose intended by Congress. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017 (6th Cir. 2005) (quoting *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985)). The text of Rule 4 clearly sets out the requirements for a Notice and Request for Waiver. Fed. R. Civ. P. 4(d)(2) advisory committee's notes. However, because the Plaintiffs in the present case did not include the Complaint, the requirements of Rule 4(d)(1)(C) were not met. And in view of the fact that the Plaintiffs did not properly request

---

[2] It is unclear from Plaintiffs' motion why the waiver of service documents was mailed to Louis' business address after this Court had quashed the original process of service, which was mailed to this same business address and this Court pointed out that it was unclear whether Ky. R. Civ. P. 4.04(9) still applies.

[3] The Plaintiffs provided the Court with a copy of the waiver of service documents mailed to Louis' business address and Louis' attorney's address. A copy of the Complaint was not included. [Record No. 37-4]

waiver of service, Louis is not subject to the condition in Rule 4(d)(2) to pay for the cost of serving him.

The final motion is a request by Louis that this Court clarify its August 6, 2009, Amended Memorandum Opinion and Order. [Record No. 42] The Court stated that "[t]he proceedings as to Plaintiffs' remaining claims are stayed until resolution of the equitable claims in state court." [Record No. 32, p. 9] Louis moves for clarification as to whether the claims pending against him are also stayed. According to the Complaint [Record No. 1-4], the only allegations against Defendant Louis relate to his employment with Defendant International Greetings USA. Further, the only claim against Louis is Count Six for Unjust Enrichment, which involves the same facts alleged against all Defendants. *Id*. Therefore, for the same reasons stated in the Amended Memorandum Opinion and Order [Record No. 42], the claims pending against Louis are also stayed. Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant's renewed motion to dismiss [Record No. 34] is **DENIED** as moot.

2. The Plaintiffs' motion for extension of time to serve Defendant Louis [Record No. 37] is **GRANTED**. Defendant Louis is deemed served as of November 13, 2009.

3. The Plaintiffs' motion for attorney's fees [Record No. 37] is **DENIED**.

4. Defendant Louis' motion to clarify and motion for extension of time to file an Answer [Record No. 42] are **GRANTED**. The proceedings as to the Plaintiffs' claims against Louis are stayed pending resolution of the equitable claims in state court.

This 5th day of December 2009.

